IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JOHNNY BULLOCK,** | : | |
| **Plaintiff** | : | |
| | : | CASE NO. 5:22-cv-00386-MTT-CHW |
| v. | : | |
| **WARDEN JEFFERSON,** *et al.,* | : | |
| **Defendants** | : | |

**ORDER**

*Pro se* Plaintiff Johnny Bullock, a prisoner now incarcerated at Calhoun State Prison in Morgan, Georgia, filed this 42 U.S.C. § 1983 complaint. ECF No. 5. Plaintiff also repeatedly requested leave to proceed *in forma pauperis*. ECF Nos. 2, 8, 12 and 15. On February 10, 2023, Plaintiff was granted leave to proceed *in forma pauperis* but was ordered to pay a partial initial filing fee of $12.00 in accordance with 28 U.S.C. § 1915(b)(1). ECF No. 18. Plaintiff was given fourteen days to pay the fee. ECF No. 18. On February 21, 2023, Plaintiff filed another certified account statement. ECF No. 19. That account statement showed that Plaintiff continued to receive monthly deposits into his inmate account with total deposits of $150 since the filing of this lawsuit and a spendable balance of $25.69 from which Plaintiff could pay the partial filing fee. *Id*. However, Plaintiff did not pay the fee. Therefore, on March 9, 2023, the Court ordered the Plaintiff to show cause on why his complaint should not be dismissed for failure to comply with a Court order. ECF No. 21. Furthermore, the Court specifically informed

Plaintiff that his action could be dismissed if he failed to respond or otherwise pay the fee. *Id*. Plaintiff was given fourteen days to comply with the Court's order. *Id*.

On March 29, 2023, Plaintiff filed a response to the order to show cause. ECF No. 22. In the response, Plaintiff stated that he has "had to file in forma pauperis cause [he] does] not have money of [his] own that [he] can or make any" and that he has "1 person who puts anything on [his] account and [he's] lucky to get that". *Id*. He also stated that he has not paid the partial filing fee because he now has no money in his account. *Id*. Plaintiff's response was graciously construed as a motion for reconsideration of the Court's order to pay a $12.00 initial partial filing fee despite the fact that Plaintiff filed no account statement to demonstrate that reconsideration was proper. ECF No. 23. Accordingly, the Court found that Plaintiff had money in his account at the time of filing suit and at the time of being ordered to pay the partial initial filing fee and that "Plaintiff's unsupported response to the show cause order (ECF No. 22) fails to demonstrate that he is unable to pay the reduced initial court fee of $12.00". *Id*. at 3-4. Plaintiff was advised that depletion of one's inmate account through discretionary spending does not set aside his obligation to satisfy Court fees. *Id*. at 2-4. Plaintiff was then ordered "to pay the partial initial filing fee of $12.00 or if his funds have been depleted for reasons other than discretionary spending, then submit an updated certified prison trust fund account statement for the preceding six months in support of his motion for reconsideration". *Id*. at 4. Plaintiff was given fourteen days to comply with the Court's order. *Id*.

Plaintiff then filed three responses to the Court orders. ECF Nos. 24, 26, 27. In

2

two of the responses, Plaintiff indicated that he authorized Calhoun State Prison to take funds from his account. *See* ECF Nos. 24 and 26. He included what purports to be a letter he sent to the "business office". *See* ECF No. 26-1. However, the Court sees an additional notation on the letter that Plaintiff admits is from a prison official that the Plaintiff must submit "a withdrawal form and documentation" so that his request to submit payment to this Court is facilitated. *Id.*; ECF No. 26 at 1. Yet, in the two months since this Court's last order (ECF No. 23), Plaintiff has filed nothing with this Court to show that he has ever submitted the required forms to the prison for the payment to be forwarded to the Court. Instead, it appears he requested that the prison provide him with yet another copy of his trust account statement[1] that he has filed along with another request that this Court waive the partial initial filing fee. *See* ECF No. 27. This most recent account certification shows that Plaintiff has had an average monthly balance of $50.00 for the last six months and received another deposit of $50.00 on March 9, 2023, after the Court first ordered him to pay the $12.00 partial filing fee. ECF No. 27-1 and 27-2. Despite evidence that he had adequate funds in his account upon filing this civil action and even in the weeks after being ordered to pay the $12.00 fee, Plaintiff requests that this Court "waive all fees until the duration of trial". ECF No. 27; *see also* ECF No. 26 at 2.

It bears emphasizing that 28 U.S.C. § 1915 creates no absolute right to proceed in civil actions without payment of any costs.[2] Indeed, to the contrary, the statute conveys

---

[1] The trust account statement shows only deposits made to Plaintiff's account without any reference to what Plaintiff has paid in discretionary spending or other expenses.

[2] Moreover, even when granted *in forma pauperis* status, a prisoner plaintiff's obligation to satisfy the filing

3

only a privilege to proceed to those litigants unable to prepay costs without undue hardship. *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 33 (S.D. Fla. 1984) (citing *Startti v. United States,* 415 F.2d 1115 (5th Cir.1969); *see also Mack v. Petty*, 2014 WL 3845777, at 1 (N.D. Ga. Aug. 4, 2014). While the privilege of proceeding *in forma pauperis* does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed in forma pauperis". *Levy*, 607 F. Supp. at 33 (S.D. Fla. 1984) (*citing Evensky v. Wright,* 45 F.R.D. 506, 507–508 (N.D.Miss.1968). Under 28 U.S.C. § 1915(a), "the commencement or filing of the suit depends solely on whether the affiant is economically eligible. *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir.1976). 28 U.S.C. § 1915(a), should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack*, 2014 WL 3845777 at *1. When considering a motion to proceed *in forma pauperis* filed under § 1915(a), "[t]he only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). A plaintiff's pleadings in support of his request to proceed *in forma pauperis* should demonstrate "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*

Here, Plaintiff's basic needs are met by the Georgia Department of Corrections and

---

fee is not completely absolved. A prisoner plaintiff must make monthly payments to the clerk of court equal to 20% of the deposits made to his trust account during the preceding month until the filing fee has been paid in full. *See* 28 U.S.C. § 1915(b)(2).

he does not demonstrate in any filed pleading that anyone depends on him for support. *See Martinez*, 364 F.3d at 1307; *Wilson,* 313 F.3d at 1319-20; *Shephard v. Clinton*, 215 F.3d 1327 (6th Cir. 2000) (unpublished opinion) (holding that district court did not abuse its discretion to deny inmate *in forma pauperis* status where prisoner "could pay the filing fee without depriving himself of the necessities of life" because the "prison system provides for [his] daily care"). In its February 10, 2023 order that granted Plaintiff's motions to proceed *in forma pauperis*, the Court found that Plaintiff had total deposits in the amount of $360.00 to his inmate account within six months. *See* ECF No. 18; ECF No. 12-1. Therefore, Plaintiff's average monthly deposit for those six months was $60.00. *Id*. Furthermore, Plaintiff's account statement demonstrated that he received between $50 and $110 every month from an undisclosed source. *Id*. Thus, Plaintiff plainly had income at his disposal upon filing this action and at the time of granting Plaintiff's motions to proceed *in forma pauperis* that would more than satisfy the payment of the $12.00 partial initial filing fee. *See Wilson v. Sargent*, 313 F.3d 1315, 1319-20 (11th Cir. 2002) (per curiam) (funds derived from other sources such as family and friends are relevant to indigency determination). Even pleadings filed by Plaintiff after the Court's order to pay the statutorily required partial fee continued to demonstrate that Plaintiff receives funds from outside sources and that he utilizes those funds for discretionary spending rather than paying the $12.00 fee to this Court. *See* ECF Nos. 19, 22, 26, 27.

A district court is given wide discretion to decide motions to proceed *in forma pauperis* and should "grant the privilege sparingly" in civil lawsuits. *Martinez*, 364 F.3d

5

at 1306. Here, Plaintiff has repeatedly misled the Court that he authorized payment of the filing fee to the Court (ECF Nos. 20, 22, 24, 26) while also engaging in doublespeak that he is unable to pay the fee (ECF Nos. 22, 26, 27). Plaintiff had the ability to pay the reduced fee of $12.00 at the commencement of this suit. *See* ECF Nos. 12 and 19. Plaintiff continued to receive funds into his account even after the Court's order to pay the reduced fee, yet he still did not pay the fee. *See* ECF No. 27-2. The Court finds no reason to waive the payment of the initial partial filing fee of $12.00 and to move this civil action into further frivolity review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). *See Martinez*, 364 F.3d at 1306.

More than four months has passed since Plaintiff was first ordered to pay the partial initial filing fee. *See* ECF No. 18. Thereafter, Plaintiff was ordered two more times to pay the fee or this case may be dismissed. ECF Nos. 21 and 23. The time for compliance with this Court's repeated orders has well passed. Because Plaintiff has failed to comply with the Court's orders, this complaint is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (affirming district court's dismissal of Plaintiff's action for failure to pay an initial partial filing fee when trust fund statement showed Plaintiff received money regularly from family members and spent the money on

"discretionary" items as opposed to paying the initial partial filing fee).

**SO ORDERED,** this 15th day of June, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
