IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNNY BULLOCK, | : | |
| | : | |
| Plaintiff | : | |
| | : | CASE NO. 5:22-cv-00386-MTT-CHW |
| v. | : | |
| | : | |
| WARDEN JEFFERSON, *et al.*, | : | |
| | : | |
| Defendants | : | |

## ORDER

Before the Court is Plaintiff's "motion for reconsideration" in which he requests that this Court alter or amend the judgment entered in this civil action. ECF No. 33. However, Plaintiff does not indicate whether he seeks reconsideration pursuant to Federal Rule of Civil Procedure 59 or Federal Rule of Civil Procedure 60. *See id*.

Rule 59 provides that a motion to alter or amend judgment must be filed within "28 days after the entry of judgment." Fed. R. Civ. P. 59(e). At the time of the filing of Plaintiff's motion for reconsideration, this case had been closed for approximately fifty-four (54) days. Because Plaintiff's motion was filed more than 28 days after judgment, relief under Rule 59 is unavailable to the Plaintiff. Plaintiff's motion will thus be considered pursuant to Federal Rule of Civil Procedure 60.

Under Rule 60(b), a court can provide relief from a judgment or order in the following limited circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

> discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it has been based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A district court has the power pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to vacate or set aside a "final judgment, order, or proceeding" in certain enumerated situations when "such action is appropriate to accomplish justice." *See* Fed.R.Civ.P. 60(b); *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir.1984) (citing *Klapprott v. United States,* 335 U.S. 601, 615 (1949)). "In order to obtain relief under Rule 60(b), a party must prove some justification for relief." *Beavers v. A.O. Smith Elec. Prod. Co.*, 265 F. App'x 772, 778 (11th Cir. 2008) (citation omitted).

At best, Plaintiff asserts that Rule 60(b)(6) necessitates relief from judgment. However, relief under Fed. R. Civ. P. 60(b)(6) "is intended 'only for extraordinary circumstances.'" *Olmstead v. Humana, Inc.*, 154 F. App'x 800, 805 (11th Cir. 2005) (per curiam) (citing *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000)). Hence, a plaintiff is required to "demonstrate a justification for relief so compelling that the district court was *required* to grant [the] motion." *Id.* (internal quotation marks omitted) (emphasis and alteration in original). "Even then, whether to grant the requested relief is a matter for the district court's sound discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (punctuation omitted); *see also Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014)).

Here Plaintiff initiated this action over nine months ago on November 1, 2022 while incarcerated at Baldwin State Prison. *See* ECF No. 1. Thereafter, for seven months prior to dismissal, this Court repeatedly ordered Plaintiff to first file an account statement in support of his motion to proceed *in forma pauperis* and then after granting the motion to proceed *in forma pauperis*, to pay the statutorily mandated partial filing fee of $12.00. *See* ECF Nos. 5, 18, 21, and 23. Thereafter, Plaintiff repeatedly filed copies of his inmate account statements that demonstrate that Plaintiff continuously receives funds from outside sources and that he utilizes those funds for discretionary spending rather than paying the $12.00 fee to this Court. *See* ECF Nos. 19, 22, 26, 27. Plaintiff also responded to the orders of the Court to pay the partial filing fee with requests that the court waive the fee or that he has no money in his account despite getting money regularly or that he has funds and has "authorized" Calhoun State Prison to send the money to the Court. *See* ECF Nos. 20, 22, 24, 26, 27. In one response, Plaintiff included a note from prison personnel that Plaintiff was not submitting his requests to the prison on the proper forms for the prison to be able to send the fee to the Court. ECF No. 26-1.

In his motion for relief from judgment, Plaintiff argues that the "Warden here at [his] new prison – Brian Shaver – plus the people who are running this hidden speaker, camra [sic], microphone system has told Everyone not to 'help' [him] in no way so trying to get things done plus done on time is hard". ECF No. 33 at 1. This is not Plaintiff's first allegation that unknown persons utilize hidden electronic devices at the multiple prisons where he has been incarcerated to communicate with him "24 hours a day – 7 days a week" to send harassing messages or otherwise disseminate his personal information to other

3

inmates and staff as a threat to him or "force [him] into crazy situations." ECF No. 6 at 2-4; ECF No. 7 at 16-19; ECF Nos. 9, 11, 14, and 17; *see also* ECF No. 1 in *Bullock v. Jefferson*, Case # 5:22-cv-426-TES-CHW, (civil action initiated on Nov. 30, 2022; ECF Nos. 1, 5, 7, 9, 10, 13, 29 in *Bullock v. Berry*, Case # 5:22- cv-437-MTT-CHW (civil action initiated on Dec. 13, 2022); ECF Nos. 1 and 6 in *Bullock v. Berry*, Case # 5:22- cv-438-TES-CHW (civil action initiated on Dec. 13, 2022); ECF No. 1 and 4 in *Bullock v. Shaver*, Case # 1:23-cv-123-LAG-TQL (civil action initiated on Aug. 4, 2023). Plaintiff also argues that he gave written permission to the business office on some undisclosed dates to "take funds off [his] account for this case and 1 other was told [he] was not doing it right." ECF No. 33 at 1. Lastly, Plaintiff argues that "being in segregation/ hole [he] cannot handle either issues [he has] or get done by [his] own will + power the things necessary for [him] to do as 'the court orders'". *Id.*

The Court remains unconvinced that Plaintiff should be granted relief from judgment. First, Plaintiff's claims that the Warden and other unknown people are utilizing secret electronic devices to harass the Plaintiff and to instruct others not to help him are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (finding that "clearly baseless" factual allegations are those "describing fantastic or delusional scenarios"); *Price v. Fed. Bureau of Investigation*, Civ. A. No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff alleged that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental

functions' " and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"); *Rhodes v. Fed. Bureau of Investigation*, Civ. A. No. 16-0093, 2017 WL 1021314, at *4 (N.D. Ind. Mar. 16, 2017) (finding that claims made in plaintiff's complaint of "unspecified actions allegedly taken by unidentified FBI agents related to harassment, torture (using 'directed energy weapons'), theft, destruction of property, defamation, civil rights violations, attempted murder ('by forced suicide'), and misconduct" were frivolous because "the facts alleged [rose] to the level of the irrational or wholly incredible"); *Williams v. St. Vincent Hosp.,* 258 Fed. Appx. 293, 294 (11th Cir.2007) (finding assertions of a massive conspiracy to monitor plaintiff was "far-fetched" and "clearly baseless.").

     Furthermore, Plaintiff's current pretexts for not paying the fee are no different than those considered by the Court prior to dismissing this civil action. *See* ECF Nos. 28 and 33. This Plaintiff was provided with multiple opportunities over a four-month period to pay the $12.00 filing fee prior to this Court dismissing this civil action. *See* ECF Nos. 16, 21, 23. However, rather than filing the proper paperwork with the prison to forward the fee to the Court or having his outside funding source submit payment to this Court directly, Plaintiff continuously failed to abide by the Court's order to pay the statutorily mandated fee. Lastly, this complaint was dismissed without prejudice and Plaintiff can simply refile his claims as to these Defendants in another civil action should he choose to do so and being sure to timely and properly address filing fees in any future civil action. In fact, Plaintiff presently has pending a civil action against prison officials at Calhoun State

Prison, thus demonstrating that he has the ability to pursue civil actions. *See Bullock v. Shaver*, Case # 1:23-cv-123-LAG-TQL (filed on Aug. 4, 2023).

Thus, to any extent Plaintiff seeks to have the Court reopen or set aside judgment in this case, his motion for reconsideration (ECF No. 33) is **DENIED**.

**SO ORDERED**, this 24th day of August, 2023.

S/ Marc T. Treadwell  
MARC T. TREADWELL, CHIEF JUDGE  
UNITED STATES DISTRICT COURT